# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:19-CV-03005-MDH |
| ) | |
| MUSTAFA TOMAS ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is the Report and Recommendation of the Magistrate Judge. (Doc. 9). The government has filed a Petition to Determine Present Mental Condition of an Imprisoned person pursuant to 18 U.S.C. § 4246. (Doc. 1). The government has also filed a Motion for Conditional Release. (Doc. 6). The Magistrate Judge recommends that Defendant be committed to the custody of the attorney general under § 4246 and be conditionally released under a prescribed regimen of medical and psychiatric care. Defendant has waived his right to file exceptions, and the matter is ripe for review.

On December 18, 2018, a panel of medical professionals submitted a Forensic Psychological Report. (Doc. 1-2). The panel diagnosed Defendant with "major neurocognitive disorder due to traumatic brain injury." (Doc. 1-2 at 4). The panel further diagnosed Defendant with schizophrenia in partial remission and a rule-out mild intellectual disability and noted a history of violent behavior. *Id.* at 15. Because the panel found a causal connection between his mental defect and a risk of violence, it concluded that Defendant suffers from a mental disease and defect, the latter of which could create a substantial risk of bodily injury to another person or

serious damage to the property of another and recommended he be committed under § 4246. *Id.* at 18.

The panel also concluded that Defendant's risk for future violence would be mitigated upon release if he was closely monitored by federal probation officers. Based on that, the government filed its Motion for Conditional Release. The government has proposed a list of conditions for Defendant's conditional release. (Doc. 6-2 at 4-5).

The Magistrate Judge held a hearing on April 23, 2019. (Doc. 7). Defendant did not present any evidence but did state he was aware of and willing to abide by the proposed conditions of his release.

After careful review of the record, the Court finds by clear and convincing evidence that Defendant suffers from a mental disease and defect and, if released without proper monitoring and conditions, his mental illnesses could create a substantial risk of bodily injury to another person or serious damage to property of another. The Court hereby **ADOPTS** the Report and Recommendation of the Magistrate Judge as to the government's Petition to Determine Present Mental Condition and **COMMITS** Defendant to the custody of the attorney general for hospitalization and treatment under 18 U.S.C. § 4246.

The Court also **ADOPTS** the Report and Recommendation of the Magistrate Judge as to the government's Motion for Conditional Release and **GRANTS** that Motion. It is **ORDERED** that Defendant be conditionally released pursuant to the following conditions:

1). Mr. Tomas shall reside with his sister, Hawara Tomas, at 27496 Dover Ave, Livonia, Ml 48150, (313) 433-7974. He shall remain at said residence at the direction of U.S. Probation Officer. The U.S. Probation Office shall be notified in advance of any changes from this residence.

2). Mr. Tomas shall actively participate in, and cooperate with, a regimen of mental health care and psychiatric aftercare as directed and administered by the treating mental health provider. This is to include his voluntary admission to an inpatient facility for stabilization should it be deemed necessary. He shall follow all the rules, regulations and instructions of the treatment staff and comply with the treatment regimen recommended.

3). Mr. Tomas shall continue to take his medications, including injectable units, as prescribed for him by the medical provider.

4). Mr. Tomas shall waive his rights to confidentiality regarding his mental health treatment in order to allow sharing of information with the supervising U.S. Probation Officer and other mental health treatment providers, who will assist in evaluating his ongoing appropriateness for community placement.

5). Mr. Tomas shall refrain from the use of alcohol and illegal drug usage, as well as the abuse of over-the-counter medications, and submit to random urinalysis testing as warranted by treating mental health staff and/or the probation officer. This also includes participating in substance abuse treatment as deemed necessary.

6). Mr. Tomas shall not have in his possession at any time actual or imitation firearms or other deadly weapons and he may not write, say or communicate threats. He shall submit to a warrantless search on request of his U.S. Probation Officer or any law enforcement officer of his person or property for the purpose of determining compliance with this provision and shall permit confiscation of any such contraband.

7). Mr. Tomas shall not commit a federal, state, or local crime, and he shall immediately notify his U.S. Probation Officer if he is arrested or questioned by any law enforcement officer. He shall not associate with any person convicted of a felony, unless granted permission to do so, from his U.S. Probation Officer.

8). Mr. Tomas shall address any outstanding misdemeanor warrants and notify his U.S. Probation Officer of his efforts and report the outcome to his U.S. Probation Officer.

9). Annual reports shall be written by the U.S. Probation Office regarding the status of Mr. Tomas' conditional release. The report shall be submitted to the Legal Department at USMCFP Springfield, Missouri, for filing with the court.

**IT IS SO ORDERED.**

DATED: May 2, 2019

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**